IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| TERRILL GRAYSON, | ) | |
|     aka "Nuddy Brown" | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
|         v. | ) | 1:11CR033 |
| | ) | 1:16CV701 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on *pro se* Petitioner Terrill Grayson's ("Petitioner" or "Grayson") Section 2255 Motion to Correct Sentence. [Dkt. 86.] For the reasons set forth below, the Court will grant the Government's motion to dismiss Petitioner's Section 2255 motion.

### **I. Background**

On February 24, 2011, Grayson pled guilty to one count of conspiracy to distribute twenty-eight (28) grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846. *See* Plea Agreement [Dkt. 37]. On May 13, 2011, this Court sentenced Grayson to 188 months' imprisonment, followed by a five-year term of supervised release. [Dkt. 53.] Grayson did not appeal.

1

On June 21, 2016, Grayson petitioned to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Dkt. 86] in light of the United States Supreme Court's recent holding that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively on collateral review). On August 17, 2016, the Government filed a motion to hold the § 2255 petition in abeyance [Dkt. 95] until the Supreme Court issued its decision in *Beckles v. United States*, --- S. Ct. ---, 2016 WL 1029080 (June 27, 2016) (granting certiorari to address whether *Johnson* applies to the residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines and, if so, whether it applies retroactively). On December 15, 2016, this Court granted the stay. [Dkt. 96.]

On April 13, 2017, following the Supreme Court's ruling in *Beckles*, the Government filed its motion to dismiss Petitioner's Section 2255 motion. [Dkt. 97.] Petitioner did not reply. This Section 2255 petition is now ripe for disposition.

## II. Analysis

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws

2

of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426–27 (1962). The petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applied to AEDPA's statute of

3

limitations); *United States v. Terrell*, 405 F. App'x 731, 732 (4th Cir. 2010) (applying the holding in *Holland* to § 2255 motions).

In the instant case, Petitioner contends that he is entitled to relief on collateral review based upon *Johnson* and *Welch*. [Dkt. 86 at 4.] Petitioner argues that the definition of "crime of violence" under § 4B1.2 of the Guidelines, which was used to establish his status as a "career offender" under § 4B1.1 during sentencing, is unconstitutionally vague. [*Id.*]

In response, the Government points out that Petitioner is not seeking to challenge a sentence imposed under the ACCA—the topic of *Johnson* and *Welch*—but rather to extend those decisions to challenge his advisory Guidelines sentence. [Dkt. 97 at 1.] However, *Beckles* recently declined to extend *Johnson* and *Welch* to the Guidelines. [*Id.*] As a result, the Government claims that Petitioner's Section 2255 motion is both "meritless" and untimely. [*Id.*]

As the Government correctly notes, the Supreme Court recently held that "the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 580 U.S. ___, at *5 (Mar. 6, 2017). The Supreme Court justified its reasoning by pointing out that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion." *Id.* The Court found it

limitations); *United States v. Terrell*, 405 F. App'x 731, 732 (4th Cir. 2010) (applying the holding in *Holland* to § 2255 motions).

In the instant case, Petitioner contends that he is entitled to relief on collateral review based upon *Johnson* and *Welch*. [Dkt. 86 at 4.] Petitioner argues that the definition of "crime of violence" under § 4B1.2 of the Guidelines, which was used to establish his status as a "career offender" under § 4B1.1 during sentencing, is unconstitutionally vague. [*Id.*]

In response, the Government points out that Petitioner is not seeking to challenge a sentence imposed under the ACCA—the topic of *Johnson* and *Welch*—but rather to extend those decisions to challenge his advisory Guidelines sentence. [Dkt. 97 at 1.] However, *Beckles* recently declined to extend *Johnson* and *Welch* to the Guidelines. [*Id.*] As a result, the Government claims that Petitioner's Section 2255 motion is both "meritless" and untimely. [*Id.*]

As the Government correctly notes, the Supreme Court recently held that "the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 580 U.S. ___, at *5 (Mar. 6, 2017). The Supreme Court justified its reasoning by pointing out that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion." *Id.* The Court found it

"difficult to see" how this guided discretion could be unconstitutionally vague, given that sentencing courts' "unfettered discretion" prior to the creation of the Guidelines had always been constitutionally permissible. *Id.* at *8. Moreover, the Supreme Court reasoned, the advisory Guidelines "do not implicate the twin concerns underlying vagueness doctrine— providing notice and preventing arbitrary enforcement." *Id*. As a result, in addition to finding that the Guidelines were not subject to vagueness challenges, the Supreme Court also held that "§ 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at *10.

Because Petitioner's Section 2255 motion challenges a sentence entered under the advisory Guidelines, and not a sentence pursuant to the ACCA, neither *Johnson* nor *Beckles* can provide him with any relief. By the same token, Petitioner's Section 2255 motion is also untimely. The motion was filed more than a year after Petitioner's conviction became final, *id.* § 2255(f)(1), and the Supreme Court itself has not declared the advisory Guidelines to be unconstitutionally vague, *id.* § 2255(f)(3). Accordingly, the Court will grant the Government's motion to dismiss Petitioner's Section 2255 motion.

### III. Conclusion

For the foregoing reasons, the Court will grant the Government's motion to dismiss Petitioner Terrill Grayson's

5

petition to vacate, set aside, or correct his sentence.  An appropriate order shall issue.

|  | /s/ |
|---|---|
| May 10, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |